```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

Susan Lyons, Individually and    :
as Administrator of the
Estate of Steven Lyons,          :
deceased,
                                 :
        Plaintiff,
                                 :
    v.                                    Case No. 2:05-cv-0655
                                 :
Advantage Contractors, L.L.C.,            MAGISTRATE JUDGE KEMP
                                 :
        Defendant.

                         OPINION AND ORDER

    This diversity action is before the Court on plaintiff Susan Lyons' motion for summary judgment. This case has been referred to the Magistrate Judge for full disposition under 28 U.S.C. §636(c). This Court notes that defendant Advantage Contractors ("Advantage") failed to respond to this motion. For the following reasons, the motion for summary judgment will be granted.

                                I.

    According to the complaint, Steve Lyons, the deceased husband of Susan Lyons, was an Advantage employee. Through Advantage's employee benefits, Mr. Lyons completed an application form for life insurance in the amount of $150,000.00 in January or February 2004, and Advantage subsequently deducted money from Mr. Lyons' paycheck to pay for his life insurance policy. (Complaint at ¶5.) The complaint indicates Advantage represented to Mr. Lyons that he had life insurance, so Mr. Lyons did not attempt to purchase such coverage from some other source.

    In May 2004, while still an Advantage employee, Mr. Lyons died as a result of an automobile accident. The sole beneficiary of Mr. Lyons' life insurance policy was Ms. Lyons. When Ms. Lyons

attempted to recover under the life insurance policy, Advantage denied coverage, claiming that Mr. Lyons never had a life insurance policy through Advantage.

As administrator of Mr. Lyons' estate, Ms. Lyons sued Advantage claiming negligence and breach of contract for the $150,000.00 life insurance policy. Additionally, Ms. Lyons seeks a declaratory judgment against Advantage "declaring that she is entitled to life insurance coverage in the amount of $150,000.00 under the life insurance policy issued to Steven Lyons through Defendant's group plan ...." (Id. at ¶19.)

After the case was filed, Ms. Lyons sent Advantage a request for admissions, to which Advantage failed to respond. Consequently, Ms. Lyons moved to have the admissions admitted as true, and this Court granted that request. Ms. Lyons now moves for summary judgment.

II.

Fed. R. Civ. P. 56(c) provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

"[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment;
the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)(emphasis in original); Kendall v. The Hoover Co., 751 F.2d 171, 174 (6th Cir. 1984).

Summary judgment will not lie if the dispute about a material fact is genuine; "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party,"

2

Anderson, 477 U.S. at 248. The purpose of the procedure is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried. Lashlee v. Sumner, 570 F.2d 107, 111 (6th Cir. 1978). Therefore, summary judgment will be granted "only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is,...[and where] no genuine issue remains for trial,...[for] the purpose of the rule is not to cut litigants off from their right of trial by jury if they really have issues to try." Poller v. Columbia Broadcasting Systems, Inc., 368 U.S. 464, 467 (1962); accord, County of Oakland v. City of Berkley, 742 F.2d 289, 297 (6th Cir. 1984).

In making this inquiry, the standard to be applied by the Court mirrors the standard for a directed verdict .Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Anderson, 477 U.S. at 250.

> The primary difference between the two motions is procedural: summary judgment motions are usually made before trial and decided on documentary evidence, while directed verdict motions are made at trial and decided on the evidence that has been admitted. Bill Johnson's Restaurants, Inc. v. NLRB, 461 U.S. 731, 745, n. 11 (1983). In essence, though, the inquiry under each is the same: whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.

Accordingly, although summary judgment should be cautiously invoked, it is an integral part of the Federal Rules which are designed "to secure the just, speedy and inexpensive determination of every action." Celotex, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

In a motion for summary judgment the moving party bears the "burden of showing the absence of a genuine issue as to any material fact, and for these purposes, the [evidence submitted] must be viewed in the light most favorable to the opposing party."

3

Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970) (footnote omitted); accord, Adams v. Union Carbide Corp., 737 F.2d 1453, 1455-56 (6th Cir. 1984), cert. denied, 469 U.S. 1062 (1985). Inferences to be drawn from the underlying facts contained in such materials must be considered in the light most favorable to the party opposing the motion. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); Watkins v. Northwestern Ohio Tractor Pullers Association, Inc., 630 F.2d 1155, 1158 (6th Cir. 1980). Additionally, "unexplained gaps" in materials submitted by the moving party, if pertinent to material issues of fact, justify denial of a motion for summary judgment. Adickes, 398 U.S. at 157-60; Smith v. Hudson, 600 F.2d 60, 65 (6th Cir.), cert. dismissed, 444 U.S. 986 (1979).

If the moving party meets its burden and adequate time for discovery has been provided, summary judgment is appropriate if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. Celotex, 477 U.S. at 322.  The mere existence of a scintilla of evidence in support of the opposing party's position will be insufficient; there must be evidence on which the jury could reasonably find for the opposing party. Anderson, 477 U.S. at 251. As is provided in Fed. R. Civ. P. 56(e):

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon  the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule,  must set forth specific facts showing that there is a genuine issue for trial.  If he does not so respond, summary judgment,  if appropriate, shall be entered against him.

Thus, "a party cannot rest on the allegations contained in his complaint in opposition to a properly supported summary judgment

4

motion made against him." First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 259 (1968) (footnote omitted).

In her motion for summary judgment, Ms. Lyons argues that, based on Advantages' admissions, it is undisputed that Mr. Lyons contracted with Advantage to obtain a life insurance policy. Further, Ms. Lyons claims that through Advantage's actions - i.e. having Mr. Lyons fill out an application for a life insurance policy and deducting money from Mr. Lyons' paycheck to pay for the policy - Advantage represented to Mr. Lyons that he purchased a life insurance policy. The admissions state:

> Steve Lyons was an employee of Advantage Construction at the time of his death (Request for Admission No. 5);
>
> Advantage Construction regularly offered its employees, like Steven Lyons, life insurance through its employee group plan (Request for Admission No. 4);
>
> Steven Lyons submitted an application to Advantage Construction for a life insurance policy offered by the company as an employee benefit (Request for Admission No. 1);
>
> Advantage Construction deducted money from Steven Lyons' paychecks prior to his death for the payment of the life insurance policy's premiums (Request for Admission No. 2);
>
> Advantage Construction did not obtain a life insurance policy through its group plan for Steven Lyons (Request for Admission No. 8)

(Plaintiff's Motion for Summary Judgment citing Plaintiff's Request for Admissions.)

Based on this conduct, Ms. Lyons contends that Advantage was negligent in not obtaining a life insurance policy. Moreover, Ms. Lyons argues that because Advantage failed to obtain a life insurance policy for Mr. Lyons in light of Mr. Lyons' application

5

and paycheck deductions, Advantage is liable for breach of contract.

*Breach of Contract/Promissory Estoppel*

There are no genuine issues of material fact in dispute concerning whether there was a contract between Advantage and Mr. Lyons to provide Mr. Lyons with life insurance. The record indicates that Mr. Lyons' was presented and completed a form indicating that he wanted life insurance. Further, Advantage withdrew money from Mr. Lyons' paycheck to pay for the alleged life insurance policy. Those actions constitute a valid offer, acceptance, and consideration, the key elements of a contract. However, because Advantage did not procure a life insurance policy in Mr. Lyons' name, and then failed to pay life insurance benefits to Ms. Lyons, Advantage breached the contract.

Additionally and alternatively, Ms. Lyons' can recover under the Ohio doctrine of promissory estoppel. The Ohio Supreme Court, adopting the Restatement of the Law, Contracts (2d), stated:

> A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise.

McCroskey v. Ohio, 8 Ohio St.3d 29, 30 (1983). To succeed on a promissory estoppel claim,

> [t]he party claiming the estoppel must have relied on conduct of an adversary in such a manner as to change his position for the worse and that reliance must have been reasonable in that the party claiming estoppel did not know and could not have known that its adversary's conduct was misleading.

Ohio St. Bd. of Pharmacy v. Frantz, 51 Ohio St.3d 143, 145 (1990).

Here, by not responding to the requests for admissions, Advantage has admitted that Mr. Lyons reasonably expected that he

6

would be provided life insurance through Advantage and their group insurer.  Further, based on this expectation and reliance, Mr. Lyons failed to obtain additional life insurance coverage.  This reliance, coupled with Mr. Lyons' death, binds the promise Advantage made to Mr. Lyons so that injustice can be avoided only though the enforcement of what Mr. Lyons believed was a valid life insurance policy valued at $150,000.00.

*Pre-judgment Interest*

Under Ohio Revised Code §1343.03, a plaintiff that recovers under a breach of contract claim is entitled to the accrual of pre-judgment interest from the date the money is due until the date the money is paid.  Royal Electric Construction Corp. v. Ohio State Univ., 73 Ohio St.3d 110, 117 (1995)("[T]o make the aggrieved party whole, the party should be compensated for lapse of time between the accrual of the claim and judgment"); accord, The Scotts Co. v. Central Garden & Pet Co., 256 F.Supp.2d 734, 743 (S.D. Ohio 2003).  As of June 2, 2004, the rate the interest accrues is the rate stated in the contract, or, if no rate is indicated, the rate defined in Ohio Revised §5703.47.  Ohio Revised Code §1343.03(A); see, e.g., Hausser & Taylor, LLP v. Accelerated Systems Integration, Inc., 2006-Ohio-1582 (8th Dist. March 30, 2006).  Prior to that date, if no rate was set in the contract, the statutory interest rate was set at ten percent per annum.

Pursuant to Ohio Revised Code §1343.03, Ms. Lyons is entitled to pre-judgment interest on the $150,000.00 due to her under Mr. Lyons' life insurance policy.  In this case, the $150,000.00 life insurance policy was due to Ms. Lyons at Mr. Lyons' death on May 20, 2004.  Because the record fails to indicate a specified interest rate in the life insurance policy contract, the statutory rate indicated in Ohio Revised Code §5703.47 must be used to determine the amount of pre-judgment interest owed to Ms. Lyons.

7

III.

Based on the foregoing, this Court concludes that there are no disputes over genuine issues of material fact regarding Ms. Lyons' breach of contract and negligent claims.  Accordingly, Ms. Lyons' motion for summary judgment (doc. #12) is GRANTED, and judgment is entered in the amount of $150,000.00 plus pre-judgment interest at the rate of 10% from May 20, 2004 to June 1, 2004; 4% from June 2, 2004 to December 31, 2004; 5% from January 1, 2005 to December 31, 2005; and 7% from January 1, 2006 until this judgment is satisfied. The Clerk is DIRECTED to enter judgment in that amount in favor of the plaintiff.

/s/ Terence P. Kemp
United States Magistrate Judge